UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TONY BREAUX** | : | **DOCKET NO. 2:22-CV-04505** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR** |
| **AMERICAN RELIABLE INSURANCE CO** : | | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. This was one of multiple cases filed by MMA on behalf of multiple plaintiffs leading to this court's taking steps to address what was perceived (and ultimately concluded) to be inappropriate conduct by MMA attorneys.[1]

Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 20. The Termination Order set an October 4, 2023, status conference that plaintiff was ordered to attend in person. The Termination Order additionally cautioned plaintiff that

> ***Should plaintiff fail to appear for this conference without having retained new counsel or without having sought to dismiss this suit by use of the attachment or otherwise, that failure to appear may result in adverse consequences such as a recommendation by the undersigned to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders.***

*Id.* (emphasis original). Plaintiff did not appear as ordered. Doc. 23.

---

[1] For a brief synopsis of the multiple cases filed in this district by MMA and the difficulties caused thereby, see Doc. 20, pp. 1–2.

The clerk of court mailed the Termination Order to plaintiff at the address provided by MMA pursuant to the district court's February 28, 2023, order that it provide "[a] spreadsheet or similar electronic report with each client's name, docket number, and all contact information in MMA's possession for that client (including: email, telephone number, and address) . . . ." Doc. 12. The mail sent to that address was returned as undeliverable, marked "Return to Sender; No Mail Receptacle; Unable to Forward." Doc. 21.

After plaintiff failed to appear for the status conference on October 4, 2023, we issued an order refixing the status conference for November 14, 2023, and requesting that defendant search its files and provide updated contact information for plaintiff, if any, by October 13, 2023. Doc. 23. Based on the information provided by defendant in response to the order, the clerk updated the plaintiff's mailing address and reissued the relevant orders to plaintiff, including the Order Setting Status Conference [doc 20], Minutes of Status Conference [doc. 23], and Electronic Order refixing status conference. Doc. 26. Mail to the updated address has also been returned to the court, marked, "Return to Sender, No Such Number, Unable to Forward. Doc. 27. The undersigned held the second status conference on November 14, 2023, and plaintiff did not attend.

Short of appointing ourselves investigators to continue to pursue the existence of this plaintiff or his relationship to the property listed or both, something we decline to do, we feel we have done all in our power to notify "Tony Breaux" of these proceedings. We believe we have taken every reasonable step to contact the plaintiff and determine whether there is a viable claim associated with plaintiff or the property referenced in the complaint.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and

proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

For these reasons, we **RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE